# CHARLESTON.

STATE ex rel. JOHN L. RAMSEY v. BOARD OF EDUCATION OF THE
DISTRICT OF ELK, KANAWHA COUNTY, et al.

Submitted August 29, 1923.    Decided August 30, 1923.

SCHOOLS—Employment of Teachers.

> This case is governed by the principles of law enunciated
> in an opinion this day filed in the case of O. Emerson Campe
> vs. Board of Education of Loudon District and others.

Petition for mandamus by the state, on the relation of
John L. Ramsey against the Board of Education of the District of Elk, Kanawha County, and others.

Peremptory writ awarded.

Harold A. Ritz and Lively & Stambaugh, for relator.
T. C. Townsend and Ben Moore, for respondents.

MEREDITH, JUDGE:

On May 26th, 1923, petitioner entered into a contract with
respondent for his employment as District Supervisor of the
schools of the District of Elk in Kanawha County, for nine
months' service in the ensuing school year. The contract, in
writing, stipulates the time he is to enter upon his duties,
and the salary he is to receive.

On July 1, 1923, the personnel of the board of education
in this district changed, the president and a member, whose
terms expired, retiring, and their successors taking their
places. The new board as thus constituted refused to recognize the contract made by the old and declined to recognize
the petitioner as District Supervisor of its schools. This
application is made to require the board to recognize petitioner as supervisor and the contract, so made, as binding
upon the board.

This case is in all essential points like that of Campe v.
Board of Education of Loudon District, now pending in this
court, in which a written opinion is this day filed. There the
petitioner was hired as a "teacher"; here he was hired as a
"supervisor"; but under section 1, chapter 45 Code, the term
"teacher" as used in the act also means "supervisor." "Sup-

ervisors'' come within the purview and terms of section 57, chapter 45 Code; hence a contract made by a board of education before July first, employing a district supervisor for the schools of its district for the ensuing school year is not void because made prior to the beginning of the school year.

For reasons assigned in the opinion in the Campe case, we awarded a peremptory writ requiring the board to recognize the petitioner as a principal of the schools for which he was employed; this case is controlled by the same principles, and for like reasons, a writ will issue requiring the board to recognize petitioner as district supervisor of its schools and the contract so made as binding on the board.

*Peremptory writ awarded.*